UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SYLVESTER POSLEY, | ) |
| | ) |
| Plaintiff, | )  3  08  0736 |
| | ) |
| v. | )  No. 3:08mc0173 |
| | )  Judge Trauger |
| GEORGE LITTLE, | ) |
| COMMISSIONER, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, proceeding *in forma pauperis*, is a prisoner in the Whiteville Correctional Facility in Whiteville, Tennessee. He brings this *pro se* action under 42 U.S.C. § 1983 against the following defendants: 1) the State of Tennessee; 2) George Little, Commissioner, Tennessee Department of Correction (TDOC); 3) Warden Flora Holland; 4) Sgt. f/n/u Allen; 5) Sgt. f/n/u Collier; 6) Sgt. f/n/u Biddix. Warden Holland and the three sergeants were employed at the Charles Bass Correctional Complex (Charles Bass) at the time of the alleged events that gave rise to this action. The plaintiff seeks money damages only.

The plaintiff asserts that, following a routine "shakedown," he "was falsely accused" of smuggling/introducing contraband into a TDOC facility. (Docket Entry No. 1, ¶ IV) The plaintiff was charged with concealing twelve (12) "roll-up" cigarette butts in the "top bed poll," following which he was convicted of a Class B infraction. (Docket Entry No. 1, ¶ IV; Attach. Disciplinary Report; Attach. Disciplinary Report Hearing Summary) As punishment, the plaintiff was reclassified from trustee to medium security, terminated from his job, fined $4.00, placed on nine months package restriction, and confined to punitive segregation for five days. (Docket Entry No 1, ¶ IV, Attach. Disciplinary Report Hearing Summary) The plaintiff alleges that the disciplinary

action against him was racially motivated. (Docket Entry No. 1, ¶ IV)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

Although the plaintiff names six defendants to this action, he does not mention any of them in the statement of his claim. Because the plaintiff does not allege and show that the defendants violated his rights under the Constitution and/or laws of the United States, he fails to satisfy the first

2

part of the two-part test under *Parratt, supra*

Beyond having not made a *prima facie* showing under *Parratt*, the plaintiff's first specific claim is that he was falsely accused. However, false accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where, as here, those charges were properly adjudicated. *See Jackson v. Madery*, 158 Fed.Appx. 656, 662 (6th Cir. 2005); *Cromer v. Dominquez*, 103 Fed.Appx 570, 573 (6th Cir. 2004); *Munson v. Burson*, 2000 WL 377038 * 3 (6th Cir. 2000)(all three cases citing to *Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1998)(overruled in part by *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) and *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986), *cert. denied*, 485 U.S. 982 (1988)). The documents attached to the complaint show that the plaintiff received a disciplinary hearing at which he was found guilty, that Warden Holland denied his appeal, and that Commissioner Little affirmed the proceedings below. (Docket Entry No. 1, Attach. Disciplinary Report Appeal) The plaintiff does not allege, nor can it be liberally construed from the complaint and attached documents, that his conviction was subsequently overturned.

Finally, the plaintiff asserts that the disciplinary action against him was racially motivated. However, the plaintiff fails to provide any factual allegations in support of this claim.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer*

3

*Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Because the plaintiff fails to support his racial discrimination claim with any factual allegations, it is conclusory and, as such, subject to *sua sponte* dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

For the reasons explained above, the complaint lacks an arguable basis in law or fact. Accordingly, the complaint will be dismissed as frivolous.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge